UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

KEITH BREWER (#168208)                           CIVIL ACTION NO.

VERSUS                                            22-599-JWD-SDJ

UNKNOWN HUEING, ET AL.

## RULING

This matter comes before the Court on a "Motion for Rule 60(B) Written Objections" filed by the *pro se* Plaintiff.[1] The Motion provides little information, but presumably, Plaintiff seeks to have this Court reopen the case to reconsider the claims previously dismissed by this Court, so it is, in effect, a Motion for Relief from Judgment brought pursuant to Rule 60(b) of the Federal Rules of Civil Procedure. The Motion shall be denied.

Pursuant to a Ruling and Judgment dated June 13, 2023,[2] the above-captioned proceeding was dismissed without prejudice pursuant to 42 U.S.C. § 1997e because Plaintiff failed to exhaust administrative remedies prior to filing his action with this Court. Now, Plaintiff has submitted the instant Motion requesting the Court reconsider its dismissal, without prejudice, of Plaintiff's claims. He thus seeks to re-open this proceeding and obtain yet another consideration of his claims.

Rule 60(b) provides that relief from a judgment or order may be had for (1) mistake, inadvertence, surprise, or excusable neglect, (2) newly discovered evidence, (3) fraud, misrepresentation or misconduct by an opposing party, (4) a void judgment, (5) a judgment that has already been satisfied, is no longer equitable, or has effectively been overturned, or (6) any other reason that justifies such relief. Plaintiff has not provided any factual assertions which would support the applicability of any of the first five subsections of Rule 60(b).

---

[1] R. Doc. 11.
[2] R. Docs. 8 & 9.

Further, to the extent that Plaintiff's pleading may be interpreted as seeking relief under the catch-all provision of Rule 60(b)(6), the motion fares no better. This provision allows a Court to vacate a judgment for "any other reason that justifies such relief" and provides a residual clause meant to cover unforeseen contingencies and to accomplish justice in exceptional circumstances.[3] The relief afforded by Rule 60(b)(6) is meant to be extraordinary relief, and it requires that the moving party make a showing of extraordinary circumstances justifying such relief.[4] In the instant motion, Plaintiff has made no showing of unusual or unique circumstances to support the application of Rule 60(b)(6). Rather, it appears that Plaintiff is under the impression that because he did not receive a first-step response to his grievance within forty days, he was permitted to proceed directly to this Court, instead of to the second step in the grievance process.[5]

This impression is incorrect—Plaintiff was required to proceed to step two in the grievance process and was not permitted to proceed directly to this Court. As noted in the Report and Recommendation, after proceeding to step two, "once ninety days have passed from the initiation of the ARP process…the inmate may file suit."[6] The injury complained of in this suit occurred on June 9, 2022, and suit was filed on August 28, 2022, less than ninety days after. Thus, because Plaintiff had not completed the grievance process and because ninety days could not have elapsed from the earliest date which he could have filed a grievance (the date of injury),[7] it was appropriate to dismiss his complaint for failure to exhaust as required by 42 U.S.C. § 1997e.[8] Accordingly, Plaintiff has not shown that he is entitled to reinstatement of his claims; therefore,

---

[3] *Steverson v. GlobalSantaFe Corp.*, 508 F.3d 300, 303 (5th Cir. 2007).
[4] *Hess v. Cockrell*, 281 F.3d 212, 216, (5th Cir. 2002).
[5] R. Doc. 11, p. 3.
[6] R. Doc. 6, p. 5.
[7] The record demonstrates the grievance was received on June 21, 2022 (R. Doc. 5, p. 1), but the Court has given Plaintiff the full benefit of the doubt in this analysis.
[8] Plaintiff, unprompted by this Court, filed the First Step Response Form demonstrating that the response was not issued until September 25, 2022.

**IT IS ORDERED** that Plaintiff's Motion for Relief from Judgment[9] is hereby **DENIED.**

Signed in Baton Rouge, Louisiana, on <u>February 27, 2024</u>.

 

_____
**JUDGE JOHN W. deGRAVELLES
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA**

---

[9] R. Doc. 11.